# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRIS DOOP,

    Plaintiff,

v.

STEVEN B. WOLFSON, et al.,

    Defendants.

Case No.: 2:22-cv-00482-JAD-NJK

**ORDER**

[Docket No. 17]

    Pending before the Court is Plaintiff's motion for the appointment of counsel. Docket No. 17.

    A litigant does not have a constitutional right to appointed counsel for civil cases. *See, e.g., Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In civil cases, courts may appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request the representation on a *pro bono* basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989). The Court will request counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether "exceptional circumstances" exist, the Court considers the likelihood of success on the merits as well as the ability of the litigant to articulate his or her claims *pro se* in light of the complexity of the issues involved. *Id.* "Neither of those considerations is dispositive and instead must be viewed together." *Id.*

    The Court construes the filings of *pro se* litigants liberally. *See, e.g., Blaisdell v. Frappiea*, 729 F.3d 1237, 1240 (9th Cir. 2013). Even considering Plaintiff's motion liberally, the Court finds that Plaintiff provides no information demonstrating why counsel is needed or assessment under

the governing standards. Accordingly, Plaintiff's motion for the appointment of counsel, Docket No. 17, is hereby **DENIED**.

IT IS SO ORDERED.

Dated: July 19, 2022

                                                                           Nancy J. Koppe
                                                                           United States Magistrate Judge