UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS DOOP,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN B. WOLFSON, et al.,<br><br>    Defendants. | Case No.: 2:22-cv-00482-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is proceeding in this action *pro se* and submitted a complaint in an effort to initiate this case. Docket No. 1-1. Plaintiff is currently detained at Clark County Detention Center. *See id.* at 1. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. *See* Docket Nos. 1, 3, 6, 9. The Court dismissed Plaintiff's complaint with leave to amend for failure to meet the requirements of Federal Rule of Civil Procedure 8. Docket No. 9 at 1-3. Plaintiff has now submitted his first amended complaint for screening. Docket No. 16.

### I.  STANDARDS

The Court must screen the civil complaint of a prisoner seeking redress from a government entity or official. 28 U.S.C. § 1915A.[1] The Court may dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that

---

[1] This screening takes place with respect to "any case" brought by a prisoner against a governmental entity or official, even where the plaintiff has paid the filing fee. *See Gillen v. Wanker*, 2015 WL 12658464, at *1 (D. Nev. Oct. 27, 2015), *adopted*, 2016 WL 5939335 (D. Nev. Oct. 11, 2016). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2] The complaint must set forth coherently who is being sued, for what relief, and on what theory. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

. . . . .

. . . . .

. . . . .

---

[2] The filings of *pro se* prisoners are liberally construed, but they must still comply with the requirements established in Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

## II. PLAINTIFF'S COMPLAINT

Plaintiff asserts civil rights claims pursuant to 18 U.S.C. § 1983 against three Las Vegas Metropolitan Police Department ("LVMPD") officers;[3] the Clark County District Attorney's Office, including District Attorney Steven B. Wolfson and his deputies; public defenders Arlene Hashmati and Brigett Matos; two employees of an Autozone, Tony Bailey and Paul Barrera; and Wellpath Medical Services for incidents surrounding and relating to his arrest, pretrial commitment, and upcoming prosecution in state court for robbery and related charges. *See* Docket No. 16. Plaintiff sets forth six claims in his complaint. *Id.*

First, Plaintiff alleges that the three LVMPD officers authored a fictitious police report stating that a robbery occurred at Autozone where two employees, Bailey and Barrera, were held at knife point and a box of tools was taken. *Id.* at 1-2. Plaintiff alleges that, based on this report, and in contradiction of the information contained in it about the identity of the suspect and the tools used, he was falsely arrested and charged with robbery-related offenses in Nevada. *Id.* at 1-3. Plaintiff alleges that this perjured information was presented at his preliminary hearing. *Id.* at 2-3. He alleges that these actions by the LVMPD officers violated his constitutional rights under the Fourth and Fifth Amendments and seeks monetary relief and punitive damages. *Id.*

Second, Plaintiff alleges that the Clark County District Attorney's office violated his constitutional right of due process by using the perjured police report to obtain a criminal complaint charging him with offenses in state court. *Id.* at 3-4. He alleges that his rights were violated because the office relied on perjured information in charging him. *Id.* He seeks monetary and punitive damages for this violation. *Id.* at 4.

Third, Plaintiff alleges claims against District Attorney Steven B. Wolfson, his deputies, and public defender Arlene Hashmati. *Id.* at 5. Plaintiff alleges that Wolfson, while performing his duty under the color of law as District Attorney, filed a motion alongside his deputies seeking an order requiring Plaintiff's pretrial commitment. *Id.* at 5. Plaintiff alleges that he was not present for the hearing on this motion and that his attorney, Arlene Hashmati, failed to object that he was

---

[3] Plaintiff identifies these officers as M. Lengele, C. Canale, and B. Brollini in his amended complaint. Docket No. 16 at 1-2.

3

not present. *Id.* Plaintiff submits that Wolfson and his deputies relied on testimony that they knew was perjured in support of this motion, in violation of his due process rights. *Id.* Plaintiff further submits that this hearing violated his Sixth Amendment right to be present at all proceedings, as he was never arraigned on the commitment issue. *Id.*

Fourth, Plaintiff alleges that public defender Brigett Matos, while performing her duty under the color of law, violated his Sixth Amendment right to effective assistance of counsel, because she did not argue at his preliminary hearing that the requirements for a violation of N.R.S. 200.380, the state statute for robbery, were not met in his case. *Id.* at 6. Plaintiff submits that he asked the state court for the ability to file a demurral motion and represent himself *pro se* in his criminal proceedings and that his public defender spoke in response to this request, which resulted in Plaintiff being denied the right to represent himself. *Id.* Plaintiff seeks monetary relief and punitive damages for this violation and alleges that it makes his continued prosecution a malicious prosecution. *Id.*

Fifth, Plaintiff alleges that Autozone employees Tony Bailey and Paul Barrera violated his constitutional rights by calling the police and providing them false information, assisting in and leading to Plaintiff's arrest in his state criminal proceeding. *Id.* at 7. Plaintiff submits that Paul Barrera further violated his constitutional right to confront his accuser by not attending his preliminary hearing in the case. *Id.* Plaintiff seeks monetary relief, punitive damages, and an order from the Court that his character has been defamed and that there is nothing in his record to warrant the treatment he has experienced. *Id.*

Sixth, Plaintiff alleges that he has unconstitutionally been denied medical treatment throughout his detention and commitment in his state case. *Id.* at 8-9. Plaintiff alleges that he requested treatment while detained at Clark County Detention Center for his hepatitis C, which was denied by Wellpath because of the cost of the treatment. *Id.* at 8. Plaintiff further alleges that he requested his psychiatric medication, Seroquel, was denied access to that medication, and was instead given a different medication that caused side effects. *Id.* Plaintiff further alleges that the state court ordered his commitment for a psychiatric evaluation and, in the order, required any medical problems to be treated before his commitment. *Id.* Plaintiff submits that he requested a

repair of his broken jaw at this time, which was denied, and that his jaw remains broken. *Id.* at 8-9. Plaintiff submits that all medical treatment he has requested has been denied by Wellpath Medical Services, the detention center's medical treatment provider, while he has been detained. *Id.* at 9. He seeks monetary relief and punitive damages for his constitutional rights violation and for medical malpractice. *Id.*

### III. ANALYSIS

The Court finds that Plaintiff's first, second, third, fourth, and fifth claims must be dismissed pursuant to the *Younger* abstention doctrine, as they all relate to an ongoing state criminal proceeding. Under the *Younger* abstention doctrine, federal courts may not interfere with a pending state proceeding and issue monetary or injunctive relief, even if there is an allegation of a constitutional violation, unless "extraordinary circumstances" exist. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *see also Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). To determine whether it should refrain from interfering with a state proceeding, a federal court must consider whether the state proceeding is ongoing, whether the state proceeding implicates an important state interest, whether there is an adequate opportunity in the state proceeding to raise constitutional challenges, and whether the federal court action would enjoin the proceeding or interfere with it in a manner of which *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the federal court affirmatively answers these questions, then it must refrain from interfering with the state proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

The factors the Court must consider in applying the *Younger* abstention doctrine militate against interfering with Plaintiff's ongoing state criminal proceeding. First, Plaintiff alleges that his state criminal proceeding is ongoing. *See, e.g.*, Docket No. 16 at 1, 5, 8-9; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal

proceeding, federal courts must refrain from enjoining the state prosecution").[4] Additionally, Plaintiff's state criminal proceeding involves important state interests. *See Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) ("Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake"). Further, Plaintiff has adequate opportunity in his state criminal proceedings to raise constitutional challenges. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Plaintiff may seek relief in his current criminal proceedings and, if necessary, seek relief from Nevada's appellate courts. The Court therefore finds that it must refrain from interfering with Plaintiff's ongoing state criminal proceeding. Given that Plaintiff seeks monetary damages, however, the Court recommend staying Plaintiff's first, second, third, fourth, and fifth claims for consideration after the conclusion of Plaintiff's state criminal proceedings. *See Gilbertson,* 381 F.3d at 982.[5]

In addition to the claims related to Plaintiff's ongoing state criminal proceedings, Plaintiff includes a claim for inadequate medical care while he has been detained. Docket No. 16 at 8-9. Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, and (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a). Courts have broad discretion in applying Rule 20. *Armstead v. City of Los Angeles*, 66 F.Supp.3d 1254, 1262

---

[4] Plaintiff's habeas action was recently dismissed on the basis that the criminal proceedings related to these claims were ongoing in state court. *See Doop v. Wolfson*, 2:22-cv-00440-JAD-DJA, 2022 U.S. Dist. LEXIS 72277, at *3-5 (D. Nev. Apr. 20, 2022).

[5] The Court is not convinced that Plaintiff's fifth claim should be allowed to proceed and would recommend its dismissal at this time if it did not relate to his ongoing criminal proceeding. Plaintiff alleges claims under 42 U.S.C. § 1983, which requires the person being sued to be acting under the color of state law. *See Gritchen v. Collier*, 254 F.3d 807, 812 (2001) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). From Plaintiff's representations to the Court, these two individuals are private actors who were working at an Autozone shop at the time of the underlying incident. Docket No. 16 at 7-8. The Court is not convinced that calling the police a single time to report an ongoing crime transforms someone into a state actor for §1983 liability. *See Peng v. Hu*, 335 F.3d 970, 980 (9th Cir. 2003) (internal citations omitted).

(C.D. Cal. 2014). A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the court can exercise its discretion to "add or drop" parties. *See* Fed. R. Civ. P. 21. "Where parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first name in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice." *Armstead*, 66 F.Supp.3d at 1263. The Court may exercise its discretion pursuant to Rule 21 *sua sponte* at any time. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party").

The claim against Wellpath relates to prison conditions and medical treatment and does not satisfy the joinder requirement of Rule 20 with the other claims set forth in Plaintiff's complaint. As such, the undersigned recommends the dismissal of this claim without prejudice

### IV.    CONCLUSION

For the reasons discussed more fully above, **IT IS RECOMMENDED** that claims one through five of Plaintiff's complaint be stayed pending the resolution of Plaintiff's state criminal prosecution and that claim six be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: July 19, 2022

                                                                                               Nancy J. Koppe
                                                                                              United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).