# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Chris Doop, | Case No.: 2:22-cv-00482-JAD-NJK |
| Plaintiff | |
| v. | **Order Affirming Magistrate Judge's Order Denying Motion to Inspect All Evidence, Adopting Magistrate Judge's Report and Recommendation, and Overruling Objection to it** |
| Steven B. Wolfson, et al., | |
| Defendants | [ECF Nos. 12, 20, 22] |

Pro se plaintiff Chris Doop sues numerous parties for alleged civil-rights violations arising from his arrest, pretrial commitment, and state criminal proceedings. On March 28, 2022, Doop filed a motion to inspect all evidence favorable to him.[1] Magistrate Judge Koppe denied that motion without prejudice because his application for leave to proceed *in forma pauperis* had been denied on March 18, 2022, and he had not yet filed a new application or paid the filing fee.[2] Doop appeals that order, arguing that his revised application to proceed *in forma pauperis* was later granted,[3] that he then paid the required filing fee,[4] and that his motion should now be considered on its merits.[5] Because Doop's motion was filed before he paid the court's fees, I affirm the magistrate judge's order denying his motion.

Separately, Judge Koppe also screened Doop's amended complaint and recommends that claims one, two, three, four, and five be stayed for consideration until after the conclusion of

---

[1] ECF No. 4.

[2] ECF No. 3.

[3] ECF No. 9.

[4] ECF No. 11.

[5] ECF No. 12.

Doop's state criminal proceedings, as required under precedent established by the Supreme Court in *Younger v. Harris*.[6]  The magistrate judge further recommends that Doop's sixth claim for inadequate medical care during his detainment be dismissed without prejudice because he failed to properly join defendant Wellpath Medical Services under Federal Rule of Civil Procedure 20.[7]  Doop timely objects to the recommendation as to the sixth claim but offers no objections as to the other claims.  Because Doop did not properly join Wellpath and does not object to staying his other five claims, I adopt Judge Koppe's report and recommendation in its entirety and overrule Doop's objection to it.

## Discussion

### I.   The magistrate judge's denial of Doop's motion to inspect evidence was not clearly erroneous or contrary to law.

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[8]  This standard of review "is significantly deferential" to a magistrate judge's determination.[9]  A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[10] or a relevant statute, law, or rule has been omitted or misapplied.[11]

---

[6] ECF No. 20 at 5–6; *see Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[7] *Id.* at 6–7.

[8] L.R. IB 3-1(a).

[9] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[10] *Id.* (internal quotation marks omitted).

[11] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

Prior to "instituting any civil action, suit[,] or proceeding in [district] court . . . [parties must] pay a filing fee . . . ."[12]  This requirement may be waived or modified for a prisoner if the court authorizes him to proceed *in forma pauperis*.[13]  Doop filed his motion to inspect all evidence before he paid any filing fees and after his *in forma pauperis* application had already been denied,[14] so he did not satisfy the requirement of paying a fee prior to instituting his action and the magistrate judge's ruling was not clearly erroneous or contrary to law.  I thus affirm the magistrate judge's order denying Doop's motion to inspect all evidence.  But, now that Doop's revised application has been granted and he has paid his filing fees,[15] Doop is free to file a new motion asking again for that relief once his criminal proceedings conclude and the stay is lifted.

## II.   I adopt the magistrate judge's recommendations because Wellpath was improperly joined in this action.

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[16]  If a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[17]  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or

---

[12] 28 U.S.C. § 1914.

[13] 28 U.S.C. § 1915.

[14] ECF No. 5; ECF No. 3 (order denying without prejudice application for leave to proceed *in forma pauperis*).

[15] ECF No. 9; ECF No. 11.

[16] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[17] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

"recommit the matter to the magistrate judge with instructions."[18]  Doop objects only to the magistrate judge's recommendation to dismiss his sixth claim, so I review de novo only that issue and find good cause to adopt the rest.

Rule 20 of the Federal Rules of Civil Procedure allows multiple defendants to be joined in one action if (1) "any right asserted against them" arises "out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."[19]  Misjoinder of parties is not a ground for dismissing an action, but "the court may at any time, on just terms, add or drop a party,"[20] and it may do so by dismissing "all defendants except for the first named in the complaint."[21]

Doop's joinder of Wellpath complies with neither of the Rule 20 permissive-joinder requirements.  His sixth claim against Wellpath is based on allegations that he was unconstitutionally denied medical treatment during his detention for his state criminal case.[22] Doop's first five claims against other defendants, however, arise from entirely separate events in which he alleges a false arrest for robbery based on a fictitious police report, charges and pretrial commitment based on that report, and ineffective assistance of counsel by his public defender.[23] So his right to relief against Wellpath does not arise from the "same transaction, occurrence, or series of transactions or occurrences" as his right to relief against other defendants.[24]

---

[18] 28 U.S.C. § 636(b)(1).

[19] Fed. R. Civ. P. 20(a).

[20] Fed. R. Civ. P. 21.

[21] *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997), *aff'd*, 720 F. App'x 889 (9th Cir. 2018)).

[22] *Id.* at 8–9.

[23] ECF No. 16 at 1–7.

[24] Fed. R. Civ. P. 20(a)(2)(A).

Nor can Doop satisfy Rule 20's second requirement because Wellpath's potential liability does not share "any question of law or fact common" with other defendants in this action.[25] Indeed, the facts and legal arguments underlying the claim against Wellpath—involving prison conditions and medical treatment—are distinct from those involved in Doop's claims against other defendants for false arrest, perjury, denial of due process, ineffective assistance of counsel, and denial of the right to confront witnesses, none of which involves the conditions of his confinement or treatment. So I find that Wellpath was improperly joined in this action, and I adopt the magistrate judge's recommendation to dismiss this claim without prejudice to Doop's ability to file a separate action against Wellpath.

## Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's order denying Doop's motion to inspect all evidence **[ECF No. 5] is AFFIRMED**, and Doop's appeal **[ECF No. 12] is DENIED**.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation **[ECF No. 20] is ADOPTED** in its entirety and Doop's objection **[ECF No. 22] is OVERRULED**. Doop's first, second, third, fourth, and fifth claims **are STAYED pending resolution of his state criminal case**, and Doop's sixth claim is **DISMISSED** without prejudice. The **Clerk of Court** is directed to **ADMINISTRATIVELY CLOSE** this case. Doop may file a motion to reopen it after his criminal matter has concluded.

_____
U.S. District Judge Jennifer A. Dorsey
November 15, 2022

---

[25] Fed. R. Civ. P. 20(a)(2)(B).